CRICHTON, J.,
concurs in the denial and assigns reasons.
hi concur in the majority’s decision to deny the writ. I write separately to note I am disturbed by the pattern of this particular district judge categorically denying parties their statutory right to exercise backstrikes. We found that this particular trial judge legally erred in denying a defendant his right to exercise backstrikes in State v. Lewis [1] and sinee our decision in Lewis, the instant writ application now presents to us a third occasion to review precisely the same issue.[2] In my view, this practice amounts to defiance of the clear, unambiguous, and above all, mandatory language of La.Code Crim. Proc. art. 799.1. Judge Bonin’s discussion of this issue in his concurrence in the court below articulates the basis for my concern, but the point bears repeating — that is, the fact that appellate courts apply a harmless error standard of review in these cases does not justify a trial judge ignoring the requirements of the Code.

. 12-1021, p. 8 (La.3/19/13), 112 So.3d 796, 801

. See State v. Ross, 13-0500 (La.App. 4 Cir. 3/26/14), 137 So.3d 759, writ app. denied, J. Weimer would grant, 2014-K-1415 (La.2/13/15), 159 So.3d 462, 2015 WL 918691; State v. Dickerson, unpub., 13-0209 (La.App. 4 Cir. 4/2/14), 2014 WL 1329873, writ app. denied 2014-KO-0908 (La. 11/4/14), 152 So.3d 875.